DICKSON, Justice,
concurring.
I coneur, and write separately only to point out an alternative available to courts ordering criminal restitution.
Indiana Code Section 85-50-5-3 authorizes an order of restitution "to the victim of the crime." It may well be that in some cases, the "vietim" is the liability insurance carrier that has already paid full compensation to a person injured by the charged criminal conduct. In such a situation, a court may seek rehabilitation of a defendant by requiring accountability through restitution, but direct that the restitution be made to the entity that ultimately suffered the loss, which in some cases could be an insurance company.
In the present case, because Meyer suffered serious head and neurological inju *973 ries and incurred medical expenses and lost wages totaling $27,956.68, and Nationwide Insurance Company paid its full liability limits of $100,000, it is likely that such insurance proceeds represent less than full compensation for her damages sustained and to be sustained. The award of further restitution to her, rather than to Nationwide Insurance, thus appears appropriate.
I also observe that the fact and/or amount of contingent attorney fees incurred by an injured person should not be a relevant consideration in this determination. While the trial court here referred to consideration of attorney fees, the amount of restitution ordered was equal to Meyer's special damages, not her presumed attorney fees, and thus was consistent with the criminal court's interests in reformation of the defendant.